**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

MASONRY INDUSTRY TRUST ADMINISTRATION, INC., an Oregon corporation,

Plaintiff,

vs.

MARK ARSENAULT, an individual, doing business as WESTERN MASONRY RESTORATION,

Defendant.

**NO. 10-CV-01575-HU**

**FINDINGS AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

________________________________

Bradley L. Middleton
Bradley L. Middleton, P.C.
6950 S.W. Hampton, Suite 250
Tigard, OR 97223

Attorney for Plaintiff

HUBEL, Magistrate Judge:

On December 29, 2010, the plaintiff filed a Complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 *et seq.*, seeking to recover from the defendant unpaid contributions to the Northwest Bricklayers Pension Trust Fund, the International Bricklayers Pension Fund, the Masonry Welfare Trust Fund (which includes the Masonry Vacation Trust Fund), the Masonry Industry Combined Apprenticeship and Journeyman

Training Trust Fund, and the Bricklayers and Allied Craftworkers Defined Contribution Retirement Plan (collectively, the "Funds"). Dkt. #1, ¶ 2; Dkt. #20, Amended Decl. of Bradley L. Middleton, ¶ 3. The plaintiff Masonry Industry Trust Administration, Inc. administers the Funds. Dkt. #1, ¶ 1; Dkt. #20, ¶ 3.

The defendant was served personally on January 4, 2011. He failed to move or plead in response to the Complaint, and on February 22, 2011, the undersigned entered default against the defendant. Dkt. #5. The plaintiff now moves for entry of a default judgment against the defendant. Dkt. #16; *see* Dkt. #18 & #20.

At all times relevant to the present action, the defendant was signatory to a collective bargaining agreement ("CBA") with the plaintiff, requiring the defendant to pay wages and make contributions to the Funds on behalf of his employees. The defendant failed to pay all amounts owing as required by the terms of the CBA. Dkt. #1, ¶¶ 7-9; Dkt. #20, Ex. 1.

In addition to requiring monthly contributions to the Funds, the CBA provides for liquidated damages upon default in the amount of 10% of the delinquent amount owed to all of the Funds except the International Fringe Benefit Funds, and 20% of delinquent amounts owed to the International funds; interest at the rate of 18% per annum for all of the Funds except the International funds, from the delinquency date until paid, and interest on amounts payable to the International funds at the rate of 15% per annum from the delinquency date until paid; and attorney fees and costs (including auditor's fees) incurred in pursuing delinquent payments. *See* Dkt. #20, ¶¶ 7, 8, & 11; *id.*, Ex. 1, pp. 4-8, & Ex. 13, § 4.5.

***A. 2009 Contributions***

***1. Delinquent amounts due***

The plaintiff has submitted contribution reports prepared by the defendant showing the following sums owed to the Funds for 2009:

| | |
|---|---|
| Amounts Due for October 2009: | |
| International Fringe Benefit Funds | $ 13.60[1] |
| | 851.20[2] |
| Masonry Industry Trust Fund | 85.36[3] |
| | 6,082.20[4] |
| Amounts due for November 2009: | |
| International Fringe Benefit Funds | 394.40[5] |
| | 11.40[6] |
| Masonry Industry Trust Fund | 2,475.44[7] |
| | 81.00[8] |
| Amounts due for December 2009: | |
| International Fringe Benefit Funds | 39.90[9] |
| Masonry Industry Trust Fund | 283.50[10] |
| TOTAL AMOUNTS DUE FOR 2009: | |
| International Fringe Benefit Funds | $1,310.50 |
| Masonry Industry Trust Fund | 9,007.50 |
| TOTAL DELINQUENT CONTRIBUTIONS for 2009 | $10,318.00[11] |

---

[1]Dkt. #20, Ex. 3, p. 1.

[2]Dkt. #20, Ex. 5, p. 1.

[3]Dkt. #20, Ex. 3, p. 1.

[4]Dkt. #20, Ex. 5, p. 1.

[5]Dkt. #20, Ex. 3, p. 2.

[6]Dkt. #20, Ex. 5, p. 2.

[7]Dkt. #20, Ex. 3, p. 2.

[8]Dkt. #20, Ex. 5, p. 2.

[9]Dkt. #20, Ex. 5, p. 3.

[10]*Id.*

[11]The court's calculation of the total for 2009 is in agreement with the plaintiff's calculation. *See* Dkt. #20, ¶ 4, p. 3.

Thus, the court finds the defendant owes the sum of **$10,318.00** in unpaid contributions for 2009, representing $1,310.50 owed to the International Fringe Benefit Funds, and $9,007.50 owed to the Masonry Industry Trust Fund.

***2. Liquidated damages***

The CBA provides for liquidated damages equal to 10% of the amount of the delinquent contributions owed to the Masonry Industry Trust Fund. Thus, the court finds the plaintiff is entitled to liquidated damages in the amount of **$900.75**, on the unpaid contributions owing to the Masonry Industry Trust Fund for 2009.

The CBA provides for liquidated damages equal to 20% of the amount of the delinquent contributions owed to the International Fringe Benefit Funds. Thus, the court finds the plaintiff is entitled to liquidated damages in the amount of **$262.10**, on the unpaid contributions owing to the International Fringe Benefit Funds for 2009.

***3. Interest***

The plaintiff is entitled to interest on the amounts owed to the Masonry Industry Trust Fund at the rate of 18% per annum from the date due until the date paid. Interest on the 2009 amounts is calculated as follows:

(a) Amounts due for October 2009 were due by November 15, 2009.[12] Interest on $6,167.56 at 18% from November 15, 2009, through January 9, 2012, totals $2,387.61.

---

[12] *See* Dkt. #20, Ex. 1 (relevant excerpts of the CBA), p. 2, § 5.1(a) & (c).

(b) Amounts due for November 2009 were due by December 15, 2009.[13] Interest on $2,556.44 at 18% from December 15, 2009, through January 9, 2012, totals $951.84.

(c) Amounts due for December 2009 were due by January 15, 2010.[14] Interest on $283.50 at 18% from January 15, 2010, through January 9, 2012, totals $101.22.

The court therefore finds the plaintiff is entitled to recover the sum of **$3,440.67** in interest on 2009 delinquent contributions to the Masonry Industry Trust Fund through January 9, 2012, with interest continuing to accrue at the rate of **$4.44 per day** until paid.

The plaintiff is entitled to interest on the amounts owed to the International Fringe Benefit Funds at the rate of 15% per annum from the date due until the date paid. Interest on the 2009 amounts is calculated as follows:

(d) Interest on the $864.80 due for October 2009, at 15% from November 15, 2009, through January 9, 2012, totals $278.99.

(e) Interest on the $405.80 due for November 2009, at 15% from December 15, 2009, through January 9, 2012, totals $125.91.

(f) Interest on the $39.90 due for December 2009, at 15% from January 15, 2010, through January 9, 2012, totals $11.87.

The court therefore finds the plaintiff is entitled to recover the sum of **$416.77** in interest on 2009 delinquent contributions to 332.81

---

[13] *Id.*

[14] *Id.*

the International Fringe Benefit Funds through January 9, 2012, with interest continuing to accrue at the rate of **$0.54 per day** until paid.

***B. 2010 Contributions***

***1. Delinquent amounts due***

The plaintiff also seeks damages for unpaid contributions for hours worked for the defendant by three employees in 2010. The plaintiff has submitted payroll stubs for two employees, Jeffrey Anderson and Robert Karlin, for work performed during 2010, as to which the defendant failed to submit reports or to pay the required contributions. *See* Dkt. #20, Exs. 8 & 9. The court finds the plaintiff is entitled to recover unpaid contributions as to work performed by these employees, as calculated below.

As to the third employee, Daniel Soares, the plaintiff has estimated the hours he worked "based on information that Daniel Soares worked similar hours as Robert Karlin during the period of May 2010 to November 2010." Dkt. #20, ¶ 5. The plaintiff asks the court to find the defendant liable for contributions based on this estimate. The court will not enter a judgment that is based on speculation or conjecture. The plaintiff has not offered any evidence of the hours allegedly worked by Mr. Soares, and the court finds counsel's estimate of the hours worked by Mr. Soares to be insufficient grounds upon which to base a conclusion regarding unpaid contributions owed by the defendant.

The pay stubs indicate Anderson worked a total of 545 hours for the defendant during 2010, and Karlin worked a total of 584

hours for the defendant during 2010,[15] for a total of 1129 hours for which contributions should have been made by the defendant. Delinquent contributions on these hours for 2010 total $13,815.49 for the Masonry Industry Trust Fund, and $1,693.50 for the International Fringe Benefit Funds,[16] broken down as follows[17]:

| | |
|---|---|
| Amounts Due for May 2010 (165 hours): | |
| International Fringe Benefits Funds | $ 247.50 |
| Masonry Industry Trust Fund | 1,948.65 |
| Amounts Due for June 2010 (292 hours): | |
| International Fringe Benefits Funds | $ 318.00 |
| Masonry Industry Trust Fund | 2,609.72 |
| Amounts Due for July 2010 (247 hours): | |
| International Fringe Benefits Funds | $ 490.50 |
| Masonry Industry Trust Fund | 4,025.37 |
| Amounts Due for August 2010 (150 hours): | |
| International Fringe Benefits Funds | $ 225.00 |
| Masonry Industry Trust Fund | 1,846.50 |
| Amounts Due for September 2010 (139 hours): | |
| International Fringe Benefits Funds | $ 159.00 |
| Masonry Industry Trust Fund | 1,304.86 |
| Amounts Due for October 2010 (69 hours): | |
| International Fringe Benefits Funds | $ 153.00 |
| Masonry Industry Trust Fund | 1,255.62 |
| Amounts Due for November 2010 (67 hours): | |
| International Fringe Benefits Funds | $ 100.50 |
| Masonry Industry Trust Fund | 824.77 |
| TOTAL AMOUNTS DUE FOR 2010 (1129 hours): | |
| International Fringe Benefits Funds | $ 1,693.50 |
| Masonry Industry Trust Fund | 13,815.49 |
| TOTAL DELINQUENT CONTRIBUTIONS FOR 2010 | $ 15,508.99 |

[15] *See* Dkt. #21-1, Ex. 15, pp. 1 & 2.

[16] *Id.*

[17] *Id.*

Thus, the court finds the defendant owes the sum of **$15,508.99** in unpaid contributions for 2010, representing $1,693.50 owed to the International Fringe Benefit Funds, and $13,815.49 owed to the Masonry Industry Trust Fund.

***2. Liquidated damages***

The CBA provides for liquidated damages equal to 10% of the amount of the delinquent contributions owed to the Masonry Industry Trust Fund. Thus, the court finds the plaintiff is entitled to liquidated damages in the amount of **$1,381.55**, on the unpaid contributions owing to the Masonry Industry Trust Fund for 2010.

The CBA provides for liquidated damages equal to 20% of the amount of the delinquent contributions owed to the International Fringe Benefit Funds. Thus, the court finds the plaintiff is entitled to liquidated damages in the amount of **$338.70**, on the unpaid contributions owing to the International Fringe Benefit Funds for 2010.

***3. Interest***

The plaintiff also is entitled to interest on the amounts owed to the Masonry Industry Trust Fund at the rate of 18% per annum from the date due until the date paid. Interest on the 2010 amounts is calculated as follows:

(a) Amounts due for May 2010 were due by June 15, 2010. Interest on $1,948.65 at 18% from June 15, 2010, through January 9, 2012, totals $550.64.

(b) Amounts due for June 2010 were due by July 15, 2010. Interest on $2,609.72 at 18% from July 15, 2010, through January 9, 2012, totals $698.83.31

(c) Amounts due for July 2010 were due by August 15, 2010. Interest on $4,025.37 at 18% from August 15, 2010, through January 9, 2012, totals $1,016.38.

(d) Amounts due for August 2010 were due by September 15, 2010. Interest on $1,846.50 at 18% from September 15, 2010, through January 9, 2012, totals $438.00.

(e) Amounts due for September 2010 were due by October 15, 2010. Interest on $1,304.86 at 18% from October 15, 2010, through January 9, 2012, totals $290.22.

(f) Amounts due for October 2010 were due by November 15, 2010. Interest on $1,255.62 at 18% from November 15, 2010, through January 9, 2012, totals $260.07.

The court therefore finds the plaintiff is entitled to recover the sum of **$3,254.14** in interest through January 9, 2012, on 2010 delinquent contributions to the Masonry Industry Trust Fund based on hours worked by Anderson and Karlin, with interest continuing to accrue at the rate of **$6.81 per day** until paid.

The plaintiff is entitled to interest on the amounts owed to the International Fringe Benefit Funds at the rate of 15% per annum from the date due until the date paid. Interest on the 2010 amounts is calculated as follows:

(d) Interest on the $247.50 due for May 2010, at 15% from June 15, 2010, through January 9, 2012, totals $58.28.

(e) Interest on the $318.00 due for June 2010, at 15% from July 15, 2010, through January 9, 2012, totals $70.96.

(f) Interest on the $490.50 due for July 2010, at 15% from August 15, 2010, through January 9, 2012, totals $103.21.

(g) Interest on the $225.00 due for August 2010, at 15% from September 15, 2010, through January 9, 2012, totals $44.48.

(h) Interest on the $159.00 due for September 2010, at 15% from October 15, 2010, through January 9, 2012, totals $29.47.

(i) Interest on the $153.00 due for October 2010, at 15% from November 15, 2010, through January 9, 2012, totals $26.41.

The court therefore finds the plaintiff is entitled to recover the sum of **$332.81** in interest through January 9, 2012, on 2010 delinquent contributions to the International Fringe Benefit Funds based on hours worked by Anderson and Karlin, with interest continuing to accrue at the rate of **$.70 per day** until paid.

### *C. Attorney Fees and Costs*

The plaintiff also seeks its reasonable attorney fees and costs, including auditor fees, as provided by the Trust Agreements and by law. The plaintiff will submit its application for attorney fees and costs after entry of judgment. *See* Dkt. #20, ¶ 11.

### *D. Limitation of Judgment*

The plaintiff requests that the judgment entered in this case expressly be directed toward the amounts requested in this action without limiting the plaintiff's right to seek recovery of additional amounts the defendant is determined to owe after an audit of the defendant's records. *Id.*, ¶ 9.

## *CONCLUSION*

In accordance with the discussion and calculations set forth above, the undersigned recommends the plaintiff's motion for

default judgment be **granted in part and denied in part**, with judgment to be entered for the plaintiff and against the defendant as follows:

1) Total unpaid contributions for 2009 and 2010, limited to the records currently available from the defendant and without limitation to any action to recover further amounts shown to be due after an audit of the defendant's records, in the amount of **$25,826.99**;

2) Liquidated damages on the unpaid contributions set forth above in the amount of **$2,883.10**;

3) Total interest on the unpaid contributions to the Masonry Industry Trust Fund set forth above in the amount of **$6,694.81** through January 9, 2012, with interest continuing to accrue at the rate of **$11.25 per day until paid.**

4) Total interest on the unpaid contributions to the International Fringe Benefit Funds set forth above in the amount of **$749.58**, through January 9, 2012, with interest continuing to accrue at the rate of **$1.24 per day until paid.**

5) The plaintiff's reasonable attorney fees and costs, to be determined in accordance with Federal Rule of Civil Procedure 54 and Local Rule 54.

***SCHEDULING ORDER***

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **January 27, 2012.** If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed,

then the Findings and Recommendations will go under advisement on the date of filing.

IT IS SO ORDERED.

Dated this _____ day of January, 2012.

Dennis James Hubel
Unites States Magistrate Judge